**EXHIBIT 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7814 CAS (SSx) | Date | August 13, 2012 |
|---|---|---|---|
| Title | RAFAEL ARROYO, JR. v. RAYMOND SVELA; ET AL. | | |

Present: The Honorable CHRISTINA A. SNYDER

| CATHERINE JEANG | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Raymond Ballister Jr. | Robert Northup Jr. |

**Proceedings:** **PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES** (filed 7/16/2012)

## I. INTRODUCTION

On October 19, 2010, plaintiff Rafael Arroyo, Jr., a paraplegic, filed suit against Raymond Svela, A. Myrl Svela, and Gage Bowl, Inc., alleging that certain of Gage Bowl's facilities failed to comply with the American's with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53.

By order dated July 3, 2012, the Court entered judgment in favor of plaintiff following a bench trial. Dkt. No. 38. The Court awarded plaintiff $4,000 pursuant to Cal. Civ. Code § 52(a) and ordered defendants to comply with ADA's requirements within 90 days of judgment. Id.

On July 16, 2012, plaintiff filed the instant motion for an award of attorneys' fees and litigation expenses in the amount of $48,660. Defendants filed their opposition on July 23, 2012, and plaintiff filed his reply on July 25, 2012. The Court held a hearing on August 13, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Under the ADA, attorneys' fees are available to a prevailing party. 42 U.S.C. § 12205. Additionally, any person found in violation of the Unruh Civil Rights Act "is liable for . . . any [attorneys'] fees that may be determined by the court . . . ." Cal. Civ. Code § 52(a). Because the legislature passed the ADA in part "to ensure effective access

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
O

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7814 CAS (SSx) | Date | August 13, 2012 |
|---|---|---|---|
| Title | RAFAEL ARROYO, JR. v. RAYMOND SVELA; ET AL. | | |

to the judicial process for persons with civil rights grievances," recovery of attorneys' fees "is the rule rather than the exception." Hensley v. Eckerhard, 461 U.S. 424, 429 (1983); Jankey v. Poop Deck, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal quotation marks and citation omitted). Documentation submitted in support of a motion for attorneys' fees must apprise the Court of the nature of the activity and should be sufficient to satisfy the Court that the hours expended were actual, non-duplicative, and reasonable. E.g., Hensley, 461 U.S. at 437.

Here, plaintiff was represented by three attorneys from the Center for Disability Access who each charged $425 per hour. Mot. at 3. Those attorneys are Ray Ballister, who has 27 years of experience overall and has focused exclusively on disability cases for the past seven years; Mark Potter, who founded the Center for Disability Access and has devoted nearly all of his 17 years to disability issues; and Russell Handy, who has prosecuted more than 1,000 ADA cases in the past 13 years. Id. at 3–4. Plaintiff's expert, Christopher Rolin, opines that $425 per hour for attorneys with similar experience is well within the market rate and are fair and reasonable. Declaration of Christopher Rolin at 5. Ballister billed 50.4 hours, Handy 24.6 hours, and Potter 36.6 hours. See Exh. 1. A fourth attorney, Kristin Hamm, billed 1.3 hours at $195 per hour, for a total of 112.9 hours billed.[1] Id. Plaintiff asserts that this amount of billable time on a case that was litigated for approximately twenty months is reasonable. Mot. at 6–7. Plaintiff also contends that this case is "low on the desirability scale" because payment is "completely dependent upon winning" and the fact that plaintiff recovered "virtually 100% of what he could recover" cuts in favor of awarding the requested amount. Id. at 10–11. Plaintiff also attaches five fee awards handed down in other ADA cases over the last two years approving of similar rates and hours as requested in this case. See Declaration of Mark Potter, Exhs. 3–7.

In opposition, defendant contends that "112 hours to prepare for a two hour court trial" and the $425 hourly rate are both unreasonably high because defense counsel worked only 77 hours at $250 per hour on the case. Opp'n at 2. Defendant also objects to plaintiff's references to other fee awards in different cases as "irrelevant" and lacking

---

[1]Plaintiff also submits $970 worth of litigation costs comprised of three investigations by Corey Taylor at $200 apiece and an inspection of the Gage Bowl premises by Paul Bishop at $370. Id.

CV 10-7814 (08/12) CIVIL MINUTES - GENERAL Page 2 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7814 CAS (SSx) | Date | August 13, 2012 |
|---|---|---|---|
| Title | RAFAEL ARROYO, JR. v. RAYMOND SVELA; ET AL. | | |

foundation. Id. at 2–3. Further, defendant asserts that there was no reason for three "partner level billers" to work on this case when it could have been handled by one. Id. at 3.

The Court finds that the requested fees and hourly rates are reasonable. First, each of plaintiff's three attorneys have extensive experience litigating similar cases on behalf of plaintiffs with disabilities, and plaintiff's expert has opined that $425 per hour is well within the market value for such services. See Rolin Decl. at 5–6. Further, the Court rejects defendant's contention that fee awards in other cases are "irrelevant" and should be stricken. To the contrary, in public interest areas of law where fee awards are contingent on a successful judgment, such evidence is "obviously relevant" and that, indeed, the "most analogous evidence . . . would be fees sought and deemed reasonable by courts in other cases." Margolin v. Regional Planning Comm'n, 134 Cal. App. 3d 999, 1005 (Cal. Ct. App. 1982); see also United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (concluding that, among other things, "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate").

The amount of hours billed—or 112.9 hours—is a reasonable total for a case that was filed more than twenty months ago and included prefiling investigation, written discovery, several depositions, meetings, a mediation session, motion work, and a bench trial. The Court has no occasion to depart downward from that total. See Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). Further, the fact that three attorneys worked on plaintiff's case does not render the claimed hours excessive. See Blackwell v. Foley, 724 F. Supp. 2d 1068, 1080 (N.D. Cal. 2010) ("Even if more than one attorney worked on a task, that does not show the hours were excessive."). Defendants' argument that 112.9 hours is unreasonable because their counsel worked only 77 hours on the case "ignores the crucial differences between prosecuting and defending a case." Chabner v. United of Omaha Life Ins. Co., 1999 WL 33227443, at *3 (N.D. Cal. Oct. 12, 1999).

Finally, the purposes of the ADA and Unruh Civil Rights Act are served by granting plaintiff's requested award. See, e.g., Poop Deck, 537 F.3d at 1131 ("[R]ecovery is the rule rather than the exception."); Blackwell, 724 F. Supp. 2d at 1075

CV 10-7814 (08/12) CIVIL MINUTES - GENERAL Page 3 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7814 CAS (SSx) | Date | August 13, 2012 |
|---|---|---|---|
| Title | RAFAEL ARROYO, JR. v. RAYMOND SVELA; ET AL. | | |

("Per statutory provisions by [Congress] and the California Legislature to ensure that there are attorneys willing to perform the important function fo securing the rights of disabled persons . . . it is necessary to provide substantial compensation for this work."); Hansen v. Deercreek Plaza, LLC, 420 F. Supp. 2d 1346, 1349 (S.D. Fla. 2006) ("Indeed, were it not for the efforts of those attorneys willing to undertake the representation of ADA plaintiffs, there would be little, if any, enforcement of this landmark statute.").

## III. CONCLUSION

In accordance with the foregoing, plaintiff's motion for attorneys' fees and costs is GRANTED in the amount of $48,660. Defendants shall have **sixty (60)** days to comply with this order.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |