UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TOP INVESTMENT PROPERTY LLC, a California Limited Liability Company; TOP AUTO REPAIR, INC., a California Corporation,<br><br>    Defendants. | No. 2:15-cv-0181 TLN DB<br><br>ORDER |

On October 13, 2017, this matter came before the undersigned for hearing of plaintiff's motion for default judgment pursuant to Local Rule 302(c)(19). (ECF No. 24.) Plaintiff's attorney, Mark Potter, filed a declaration in support of plaintiff's motion for default judgment. (ECF No. 23-4.) Therein, attorney Potter stated that "[n]umerous federal and state court judges have approved my billing rate [of $350 per hour], including a recent case in the Eastern District, Johnson v. Bai." (Id. at 4.)

At the October 13, 2017, hearing the undersigned informed plaintiff's attorney, Raymond Ballister, that no citation was provided for attorney Potter's reference to Johnson v. Bai, and that the Johnson v. Bai opinion found by the undersigned did not support attorney Potter's assertion that a recent Eastern District case approved attorney Potter's requested billing rate of $350 per

1

hour. The undersigned asked attorney Ballister if counsel could provide the court with a citation to the case referred to by attorney Potter. Attorney Ballister answered that such citation could not be provided without additional legal research. The undersigned then asked attorney Ballister to address the determination of a reasonable hourly rate. Attorney Ballister stated that a reasonable hourly rate would be $250 per hour and amended plaintiff's requested attorney hourly rate to $250 per hour.

After the October 13, 2017 hearing, attorney Ballister filed a declaration in support of the motion for default judgment. (ECF No. 25.) Therein, attorney Ballister states that "the case of Johnson v. Bai, USDC Civ No. 2:16-1698 . . . found as reasonable . . . $300.00 per hour for attorney Mark Potter's time in that case." (Id. at 2.) Moreover, attorney Ballister stated, "I amend my comments made during today's hearing to show that I believe that the reasonable hourly rate for attorney Mark Potter is, as Judge Shubb found, $300.00 per hour."[1] (Id.)

Local Rule 230(b) provides:

> The moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion . . . . not less than twenty-eight (28) days after service and filing of the motion.

If an opposition is filed, the moving party may file a reply "[n]ot less than seven (7) days preceding the date of the hearing . . . ."[2] Local Rule 230(d).

In this regard, the Local Rules do not allow for the filing of a declaration in support of a motion after the hearing of the motion and without leave of court. Moreover, attorney Ballister's declaration provides no explanation for why this information was not contained in plaintiff's moving papers or presented at the October 13, 2017 hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Attorney Ballister's October 13, 2017 declaration in support (ECF No. 25) is stricken;

////

---

[1] No explanation has been provided for why attorney Potter asserted that the Johnson v. Bai opinion supported an award of an hourly rate of $350 per hour.

[2] Neither defendant filed an opposition to plaintiff's motion for default judgment.

2

2. If plaintiff wishes to submit any supplement briefing in support of plaintiff's September 13, 2017 motion for default judgment, plaintiff shall first seek leave of court to file such briefing; and

3. If plaintiff files a motion seeking leave of court to file supplemental briefing, plaintiff shall notice that motion for hearing before the undersigned in compliance with Local Rule 230, and serve notice of the motion on the defendants.

Dated: October 16, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\johnson0181.decl.stiken.ord